UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GODOFREDO ORTIZ FIGUEROA,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING ATTORNEY GENERAL, ET AL.,<br><br>Respondents. | No. 1:26-cv-06301-DJC-CSK<br><br>RELEASE ORDER<br><br>A# 226-050-359 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD; *see also M.B. v. Noem*, 1:26-cv-00005-DJC-AC; *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC.

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and order Petitioner's release based on the violation of Petitioner's due process rights. (ECF No. 4.) Respondents argue that Petitioner is subject to the 90-day removal period under 8 U.S.C. § 1231 due to the fact that he was ordered voluntarily removed by an

Immigration Judge but did not leave the country in the designated time. (ECF No. 6 at 1–2.) However, while Petitioner was ordered to voluntarily depart, it also appears that he filed a timely appeal of that order. (*See* ECF No. 6-2.) Though Respondents note that DHS records indicate that Respondent initially waived his appeal, it nevertheless appears that Petitioner's appeal has been accepted and is pending. As such, it does not appear that this order is final. *See Dada v. Mukasey*, 554 U.S. 1, 10 (2008) ("The voluntary departure period typically does not begin to run until administrative appeals are concluded.") As such, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1231. Instead, Respondents prior release of Petitioner creates a liberty interest that requires pre-deprivation notice and opportunity to be heard.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Godofredo Ortiz Figueroa from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE